COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

DR. YVOUNE KARA PETRIE, D.C.

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1986-13-4                             PER CURIAM
                                                         APRIL 8, 2014
VIRGINIA BOARD OF MEDICINE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Vincent M. Amberly; Amberly Law, on briefs), for appellant.

(Mark R. Herring, Attorney General; Ronald C. Forehand, Deputy
Attorney General; Allyson K. Tysinger, Senior Assistant Attorney
General; Ishneila G. Moore, Assistant Attorney General, on brief),
for appellee.


        Dr. Yvoune Kara Petrie, D.C. appeals the decision by the circuit court upholding a decision

by the Virginia Board of Medicine (the Board) finding that Dr. Petrie violated certain laws

governing the practice of chiropractic.  The circuit court also upheld the Board's decisions to

suspend Dr. Petrie's license to practice chiropractic for six months and to impose a monetary

penalty.  On appeal, Dr. Petrie argues that (1) the Board failed to provide her with meaningful notice

at a meaningful time and failed to notify her of the possible severity of the consequences, thus

preventing her from presenting evidence of the standard for the practice of chiropractic and ethical

standards; (2) there was insufficient evidence to support the Board's findings and conclusions;

(3) the Board was improperly constituted, having no doctors of chiropractic; (4) the Board exceeded

its authority in denying appellant the ability to practice her profession; (5) the Board erred in not

presenting expert witnesses or other evidence to support its determination of the scope of

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

chiropractic practice; and (6) the Board erred in excluding documentary evidence and expertise sought to be introduced by appellant.

The Court of Appeals will not consider an argument on appeal which was not presented to the Board. Goad v. Virginia Bd. of Med., 40 Va. App. 621, 623 n.3, 580 S.E.2d 494, 495 n.3 (2003); Rule 5A:18. "'Rule 5A:18 applies to bar even constitutional claims.'" Tackett v. Arlington Cnty. Dep't of Human Servs., 62 Va. App. 296, 315, 746 S.E.2d 509, 519 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).

Dr. Petrie failed to argue to the Board that her due process rights were violated when it failed to provide her with meaningful notice at a meaningful time and a fair opportunity to be heard[1] nor to the composition of the Board. She did not object to the Board proceeding without any expert nor did she request the presence of an expert on her behalf. Neither did she object to the Board's exclusion of certain evidence. These issues were first raised in her notice of appeal of April 1, 2013. Having failed to present those arguments before the Board, she is precluded from raising them on appeal.

As to the remaining assignment of error, i.e. the sufficiency of the evidence, Dr. Petrie argues the Board's decision failed to meet the substantial evidence test that she falsely advertised, that she held herself out as a dietician or nutritionist, and that she permitted individuals under her supervision to engage in the unlicensed practice of medicine. Upon reviewing the record and the briefs of the parties, we conclude that this remaining assignment of error is without merit. Accordingly, we affirm for the reasons stated by the Board in its final order, see In re: Yvoune Kara Petrie, D.C., License No. 0104-556481 (Feb. 28, 2013), as affirmed by the circuit court, see Petrie v. Virginia Bd. of Med., Case No. CL2013-7931 (Sept. 12, 2013). We dispense with oral argument

---

[1] Dr. Petrie cites her notice of appeal to the circuit court as to where she preserved the arguments. Dr. Petrie failed to provide a reference in the record where she presented the arguments to the Board.

and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.